No. 13,822.

STATE OF LOUISIANA VS. FRENCH OPERA ASSOCIATION, LIMITED.

SYLLABUS.

Act 171 does not authorize the levy or collection of a license from the owner of property for the carrying on of an occupation or business by his lessees, in which the owner himself does not participate.

APPEAL from the Civil District Court, Parish of Orleans.— *Ellis, J.*

*Hugh C. Cage,* for Plaintiff, Appellant.

*Denegre, Blair & Denegre,* for Defendant, Appellee.

The opinion of the court was delivered by

NICHOLLS, C. J.  The State Tax Collector, from the Second District of the City of New Orleans, claims from the defendant four hundred dollars, with interest and attorney's fees, as a license for conducting

State vs. Opera Association, Limited.

the business of keeping an opera house in the City of New Orleans, alleging that the number of seats therein exceed one thousand.

The defendant, after pleading the general issue, alleged that it had been for a number of years the owner of a building known as the French Opera House, but specially denied that it had ever been engaged in the business of keeping an opera house, or of managing, conducting, or carrying on or attending to as a business, the running of an opera house or theatre, or other such place of amusement, or entertainment, or of giving operatic performances. That the license tax which the State seeks to exact from it is illegal, because Act No. 171 of 1898 does not authorize the levy or collection of a license tax from the owner of property for a business or occupation pursued by the lessee thereof. Alternatively it alleges that if the license tax claimed is authorized by the license law of 1898, it is unconstitutional, as violative of Article 229 of the Constitution, which provides that a license shall be levied only on occupations, and can be collected only from the persons actually pursuing same.

The defendant is a corporation the object of whose organization, by its charter, is decared to be "the cultivation of an improved and general interest in all matters relating to literature, the opera and the drama, and to these ends to erect or buy and maintain a theatre, wherein the productions of the best authors and composers may be presented with all advantages of such music, decorations, etc., as may be calculated to represent the said works in the most perfect manner possible."

The fifth article of the charter provides that it "shall not engage in the business of giving performances or exhibitions, but shall lease the buildings and appurtenances, scenery, etc., to other persons for such purposes." It is not charged that the defendant had violated this prohibitory article of its charter, either directly or indirectly, by receiving a portion of the proceeds of any performances in the opera house of which it is shown to be the owner. Defendant has shown, affirmatively, that it has not done so. All that it has done has been to lease its buildings to lessees, who themselves have conducted the business of carrying on operatic performances.

The parties who pursue that business are liable for the license, not the lessors of the building in which the entertainments are given. The defendant is liable for the taxes on the building, not for the license taxes due by the occupants of the building.

The judgment appealed from is hereby affirmed.